99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Marlowe CHAMBERS, Defendant-Appellant.
 No. 96-1284.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 Before: MERRITT, COLE, and GODBOLD*, Circuit Judges.
 
 ORDER
 
 1
 Larry Marlowe Chambers, a federal prisoner proceeding pro se, appeals a district court order denying his motion for correction of sentence, construed by the district court as brought pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Chambers was convicted of conspiracy to distribute controlled substances, possessing cocaine base with intent to distribute, using or carrying a firearm during and in relation to a drug trafficking crime, income tax evasion, and engaging in a continuous criminal enterprise (CCE). In March 1989, he was sentenced to life in prison and five years of supervised release. A panel of this court remanded Chambers's case to the district court for vacation of either the conspiracy or the CCE conviction and for resentencing. United States v. Chambers, 944 F.2d 1253, 1269 (6th Cir.1991), cert. denied, 502 U.S. 1112 and 503 U.S. 989 (1992). On December 9, 1992, the district court vacated Chambers's conspiracy conviction and resentenced him to life in prison, five years of supervised release, and a $250,000 fine. This sentence was affirmed on appeal in an unpublished opinion that also denied Chambers's motion to vacate his sentence filed under § 2255. See United States v. Chambers, Nos. 93-1011, etc., 1994 WL 12649 (6th Cir. Jan. 19, 1994) (per curiam), cert. denied, 114 S.Ct. 2686 (1994).
 
 
 3
 In his present motion, Chambers sought application of Amendment 505 to the U.S. Sentencing Guidelines, which eliminated base offense levels 40 and 42 from the drug quantity table at USSG § 2D1.1. He claimed that this amendment required his offense level to be reduced accordingly. The district court denied the motion in an order entered on February 1, 1996. After noting that Amendment 505 may be applied retroactively, the district court found that it was inapplicable to Chambers's sentence because his base offense level had been set below level 38. On appeal, Chambers continues to argue the merits of his motion.
 
 
 4
 Upon review, we affirm the district court's order for the reason stated therein. As noted above, the district court construed Chambers's motion as brought under 28 U.S.C. § 2255. To warrant relief under § 2255 on the basis of a nonconstitutional error, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). Chambers's motion is more accurately construed as a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows a district court to modify a defendant's sentence based upon the Sentencing Commission's subsequent lowering of a guidelines sentencing range. As construed under either section, the motion is meritless.
 
 
 5
 Accordingly, the district court's order, entered on February 1, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation